Order Filed on October 23, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re:<br><br>**KUSHAL B. SHUKLA,**<br><br>                    Debtor. | Case No.:    25-10533<br>Chapter:     11<br>Judge:       John K. Sherwood |
| **SALERNO MEDICAL ASSOCIATES LLP,** *et al.*,<br><br>                    Plaintiffs,<br><br>    v.<br><br>**KUSHAL B. SHUKLA,**<br><br>                    Defendant. | Adv. Pro. No.:  25-01028 |

**DECISION RE: PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

The relief set forth on the following pages numbered two (2) through thirteen (13) is hereby **ORDERED.**

**DATED: October 23, 2025**

_____
Honorable John K. Sherwood
United States Bankruptcy Court

| | |
|---|---|
| Debtor: | Kushal B. Shukla |
| Case No.: | 25-10533 |
| Adv. Pro.: | 25-01028 |
| Caption: | **DECISION RE: PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

Salerno Medical Associates, LLP ("SMA") and Axial Health Consultant Pvt. Ltd. ("Axial") (collectively the "Plaintiffs") request summary judgment against Kushal Shukla, M.D. (the "Debtor") as to the nondischargeability of debts owed to the Plaintiffs under a Superior Court of New Jersey (the "State Court") judgment. The State Court entered a judgment of $845,026.60 against the Debtor as a sanction for spoliation of evidence. The Plaintiffs request that this Court apply collateral estoppel to that judgment. [ECF No. 10].

The Plaintiffs assert that their claim is nondischargeable under § 523(a)(6), which excepts from discharge any debt incurred from "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). The Plaintiffs contend that spoliating evidence in violation of the three State Court orders meets the willful and malicious standard. The Plaintiffs also argue that their claim is nondischargeable under § 523(a)(4), which excepts from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). The Plaintiffs state that nondischargeability under § 523(a)(4) is established by the State Court's finding that the Debtor transferred the Plaintiffs' financial and business information without authorization. [ECF No. 10].

Additionally, the Plaintiffs seek $1,674,467.00 in legal fees and $520,358.14 in costs from the State Court litigation. The Plaintiffs argue that these amounts are nondischargeable under both §§ 523(a)(4) and (a)(6) because the attorneys' fees are related to the Debtor's improper taking of the Plaintiffs' trade secrets and proprietary and confidential information. [ECF No. 23].

For the reasons set forth below, the Plaintiffs' motion for summary judgment is granted in part under § 523(a)(6).

| | |
|---|---|
| Debtor: | Kushal B. Shukla |
| Case No.: | 25-10533 |
| Adv. Pro.: | 25-01028 |
| Caption: | **DECISION RE: PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

## JURISDICTION

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). This is the proper venue for this matter pursuant to 28 U.S.C. § 1408.

## FACTS AND PROCEDURAL HISTORY

Plaintiff SMA is a medical practice and Plaintiff Axial is a medical revenue cycle management business. On March 9, 2022, the Plaintiffs filed a 17-count complaint in the State Court against the Debtor, alleging that when the Debtor was employed as a doctor for SMA, he attempted to start his own business to compete with the Plaintiffs by improperly taking the Plaintiffs' confidential and business information.[1] During the litigation, the State Court issued three preservation orders on March 14, 2022, May 16, 2022, and July 18, 2022:

- The March 14th order "'enjoined and restrained' [the Debtor] from 'deleting or otherwise altering or destroying' any electronic information of or concerning the [P]laintiffs."

- The May 16th order required the Debtor to "restore and preserve all files and information contained in each of [his] email, internet, and web-based storage accounts."

- The July 18th order "enjoin[ed] and restrain[ed] [the Debtor] 'from deleting, or otherwise altering or destroying any hard copy or electronic documents or information in [the

---

[1] The claims against the Debtor and co-defendants Rajiv Pandya and Bharat Shukla were as follows: violations of the Computer Related Offenses Act, N.J.S.A. §§ 2A:38A ("CROA"), New Jersey Trade Secrets Act, N.J.S.A. §§ 56:15 ("TSA"), common law misappropriation of trade secrets, conversion, New Jersey Racketeer Influenced and Corrupt Organizations Act ("RICO"), breach of contract, specific performance, tortious interference with contract and prospective economic advantage, unfair competition, fraudulent concealment/spoliation of evidence, and breach of fiduciary duty. [ECF No. 3-1, pp. 1-4].

| | |
|---|---|
| Page 4 | |
| Debtor: | Kushal B. Shukla |
| Case No.: | 25-10533 |
| Adv. Pro.: | 25-01028 |
| Caption: | **DECISION RE: PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

Debtor's] possession, custody, or control regarding either [the Plaintiff(s)] or issues in this litigation, regardless of whether said documents or information are stored on [the Debtor's] electronic devices, e-mail accounts, or elsewhere.'"

[ECF No. 3-1, pp. 25-26]

The State Court decision and judgment resulted from a bench trial commenced on May 31, 2023, and held over twenty non-consecutive days. Judge Alper of the State Court wrote a thirty-nine-page decision on November 22, 2024, addressing each count of the Plaintiffs' complaint.[2] In addition to addressing the Plaintiffs' counts, the State Court found that the Debtor spoliated evidence in violation of the three preservation orders and that the Debtor's spoliation injured the Plaintiffs. [ECF No. 3-1, pp. 25-26, 30]. The State Court found damages for spoliation as follows:

$267,270.89 Computer Forensic Expert Sylint
$575,466.71 Investigation Costs of Mandelbaum Barrett, P.C.
$2,289.00 Carr Investigations

The total judgment award is $845,026.60. The State Court also said that it would consider the Plaintiffs' application for reasonable attorneys' fees. [ECF No. 3-1, p. 43].

The Debtor filed a motion for reconsideration of the State Court judgment on December 12, 2024. [ECF No. 7-1, pp. 109-34]. That motion was argued before the State Court on January 17, 2025, the same day that the Debtor filed this Chapter 11 case. [ECF No. 7-1, p. 136]. The transcript of the motion for reconsideration was not part of the record in this case until the Debtor attached it as an exhibit to his sur-reply, which, as set forth below, was improperly filed. [ECF No.

---

[2] Judge Alper found that the Plaintiffs were successful on Counts 1 through 4 for violations of the CROA and TSA as to the Debtor and co-defendant Rajiv Pandya. The State Court dismissed the other thirteen counts with prejudice. [ECF No. 3-1, pp. 1-4].

Case 25-01028-JKS    Doc 27    Filed 10/23/25    Entered 10/23/25 16:15:17    Desc Main
Document    Page 5 of 13

Page 5
Debtor:      Kushal B. Shukla
Case No.:    25-10533
Adv. Pro.:   25-01028
Caption:     **DECISION RE: PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

20-1]. The Court reviewed the transcript nevertheless because it is referred to in an exhibit presented by the Plaintiffs—the order denying the motion for reconsideration. [ECF No. 7-1, p. 136].

A review of the State Court transcript revealed that the Plaintiffs had also filed a cross-motion for reconsideration of the State Court judgment. It appears that this cross-motion was focused on the State Court's dismissal of the "fraudulent concealment" counts of the State Court complaint. [ECF No. 20-1, pp. 31-36]. The State Court denied both the Debtor's motion for reconsideration and the Plaintiffs' cross-motion for reconsideration. [ECF No. 20-1, pp. 39, 44]. More importantly, the transcript shows that the Debtor's counsel requested permission to challenge the reasonableness of the Plaintiffs' expert and attorneys' fees that the State Court awarded as part of its $845,026.60 judgment. [ECF No. 20-1, pp. 37-39]. The Debtor's state court counsel argued that his right to challenge the fees awarded in the State Court judgment was preserved under *Rendine v. Pantzer*, 141 N.J. 292 (1995). Over the Plaintiffs' objection, the State Court granted the Debtor leave to submit a five-page opposition by January 22, 2025, and allowed the Plaintiffs to file a three-page response by January 24, 2025. [ECF No. 20-1, pp. 29, 45]. The Debtor's bankruptcy filing on January 17, 2025 stayed the State Court's consideration of that issue. Thus, it does not appear that the State Court fully and finally adjudicated the damage award of $845,026.60.

The Plaintiffs filed this adversary complaint on February 6, 2025, and moved for summary judgment on March 28, 2025. [ECF Nos. 1, 7]. The Debtor did not file an opposition to the summary judgment motion. Instead, he filed correspondence with the Court, alleging that the

| | |
|---|---|
| Debtor: | Kushal B. Shukla |
| Case No.: | 25-10533 |
| Adv. Pro.: | 25-01028 |
| Caption: | **DECISION RE: PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

summary judgment motion was premature.[3] Although the motion was technically unopposed, the Plaintiffs did not include a memorandum of law in support of summary judgment in their initial motion. After the Plaintiffs separately filed their brief in support of summary judgment, the Debtor filed his opposition to the motion. [ECF Nos. 10, 15]. The Plaintiffs then filed their response to the Debtor's opposition [ECF No. 16], and the Debtor filed a certification replying to the Plaintiffs. [ECF Nos. 19, 20]. The Plaintiffs raised procedural concerns that the Debtor's certification [ECF Nos. 19, 20] is an impermissible sur-reply because under D.N.J. Civ. R. 7.1(d)(6), "[n]o sur-replies are permitted without permission of the Judge to whom the case is assigned." [ECF No. 21]. While the Court agrees that the Debtor did not seek leave from the Court to file the Certification, and this argument has merit, this procedural defect will not prevent the Court from considering the transcript of the January 17, 2025 hearing for the reasons set forth above.[4]

The Plaintiffs argue that collateral estoppel applies to this Court's determination of dischargeability of the State Court judgment. [ECF No. 10]. The Debtor argues that the Plaintiffs suffered no injury from the spoliation and therefore the Plaintiffs should have nothing more than a general unsecured claim in this bankruptcy case. [ECF No. 15].

## LEGAL STANDARD

Federal Rule of Civil Procedure 56 sets forth the standard for deciding a motion for summary judgment and is applicable in adversary proceedings pursuant to Federal Rule of

---

[3] The Debtor argues that this summary judgment motion is premature because under the local rules, "[e]very adversary proceeding will be referred to mediation after the filing of the initial answer to the adversary complaint." D.N.J. LBR 9019-2(a)(1). A mediator was assigned to this case in May 2025 [ECF Nos. 11, 12] and reported that a settlement of this matter was not reached on July 24, 2025. [ECF No. 22].

[4] Thereafter, the Plaintiffs submitted three letters [ECF Nos. 21, 23, 25] and the Debtor's counsel submitted two more certifications. [ECF Nos. 24, 26].

| | |
|---|---|
| Debtor: | Kushal B. Shukla |
| Case No.: | 25-10533 |
| Adv. Pro.: | 25-01028 |
| Caption: | **DECISION RE: PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

Bankruptcy Procedure 7056. Fed. R. Civ. P. 56; Fed. R. Bankr. P. 7056. Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one in which its determination directly impacts the outcome of the litigation, and an issue of material fact is genuine if a reasonable jury could return a verdict for the non-moving party. *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 643 (3d Cir. 2015). The burden of proof is initially on the moving party. *See Rosen v. Bezner*, 996 F.2d 1527, 1530 (3d Cir. 1993). In deciding the motion for summary judgment, all inferences to be drawn from underlying facts shall be construed by the Court in the light most favorable to the non-moving party. *Rosen v. Bezner*, 996 F.2d at 1530.

## ANALYSIS

**A. Under the Doctrine of Collateral Estoppel, Summary Judgment is Granted as to the Nondischargeability of the Spoliation Sanction under 11 U.S.C. § 523(a)(6).**

Collateral estoppel is a preclusive doctrine that prevents a party from relitigating issues that were adjudicated in a prior lawsuit. *In re Docteroff*, 133 F.3d 210, 214 (3d Cir. 1997). Collateral estoppel may bar relitigation of issues in dischargeability determinations in bankruptcy court. *Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991). New Jersey's collateral estoppel standard applies because the Court "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the [s]tate in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. Of Educ.*, 465 U.S. 75, 81 (1984).

In New Jersey, five elements must be present for collateral estoppel to apply: "(1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually

Case 25-01028-JKS    Doc 27    Filed 10/23/25    Entered 10/23/25 16:15:17    Desc Main
Document    Page 8 of 13

Page 8
Debtor:      Kushal B. Shukla
Case No.:    25-10533
Adv. Pro.:   25-01028
Caption:     **DECISION RE: PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

litigated in the proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding." *Feng Li v. Peng*, 516 B.R. 26, 42 (D.N.J. 2014). When determining if collateral estoppel can be used on an issue of dischargeability, "those elements of the claim that are identical to the elements required for discharge and which were actually litigated and determined in the prior action" can be estopped from being relitigated. *Grogan v. Garner*, 498 U.S. 279, 284 (1991). Furthermore, when determining whether two issues are the same, the court should consider their overlap in evidence and argument, the applicable law, the extent of their respective discovery processes, and how related the issues are. *Feng Li*, 516 B.R. at 42 (citing *First Union Nat'l Bank v. Penn Salem Marina, Inc.*, 921 A.2d 417, 424 (2007)).

Under § 523(a)(6), a debt is nondischargeable if the debt arose from "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). Actions are willful and malicious under this provision when they are "substantially certain to result in injury or where the debtor desired to cause injury." *In re Conte*, 33 F.3d 303, 308 (3d Cir. 1994). For a court to find that a debt is nondischargeable under § 523(a)(6), the debt must stem from an injury that was: "(1) willful (*i.e.*, involving deliberate and intentional conduct); (2) intended or substantially certain to cause injury; and (3) malicious (*i.e.*, wrongful)." *In re Kates*, 485 B.R. 86, 101 (Bankr. E.D. Pa. 2012). In *Kates*, the bankruptcy court found that a state court sanction for spoliating evidence was based on findings that satisfied the Bankruptcy Code's definitions of willful and malicious. The court stated:

Case 25-01028-JKS    Doc 27    Filed 10/23/25    Entered 10/23/25 16:15:17    Desc Main
Document    Page 9 of 13

Page 9
Debtor:     Kushal B. Shukla
Case No.:   25-10533
Adv. Pro.:  25-01028
Caption:    **DECISION RE: PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

> The Debtor voluntarily and deliberately destroyed evidence when he was aware of both his duty to preserve the evidence and the substantial certainty that his conduct would injure the Plaintiffs (by depriving them of access to relevant evidence). It follows that the debt for the injury suffered by the Plaintiffs, which includes the attorney's fees and costs they incurred in obtaining a judicial remedy, is a nondischargeable debt for willful and malicious injury under § 523(a)(6).

*In re Kates*, 485 B.R. at 104. Moreover, "forcing another person to expend unnecessary money and time" by "engaging in deliberate and needlessly prolonged litigation" is an injury under § 523(a)(6). *In re Adesanya*, 630 B.R. 435, 465 (Bankr. E.D. Pa. 2021) (citing *In re Scarbrough*, 516 B.R. 897, 914-15 (Bankr. W.D. Tex. 2014)).

Here, collateral estoppel applies to the spoliation sanction in the State Court judgment (subject to the Debtor's reasonableness challenge) because all five elements are present. *Feng Li*, 516 B.R. at 42. First, the issue here and in the State Court proceeding of whether the Debtor willfully and maliciously injured the Plaintiffs through the spoliation of evidence is identical. Second, this issue was litigated in the State Court proceeding. Third, the State Court issued a final judgment on the merits on the basis for the spoliation sanction. Fourth, the determination of this issue was essential to the State Court judgment for spoliation sanction. Fifth, the Debtor was a defendant in the State Court proceeding and is the party against whom collateral estoppel is being asserted. [ECF No. 3-1].

The State Court determined that the Debtor willfully and maliciously spoliated evidence. In particular, the State Court stated:

> The court finds that [the Debtor] spoliated key evidence **in violation of the three preservation** orders and [his] common law discovery obligations entitling [the] [P]laintiffs to sanctions. [The] Plaintiffs proved by a preponderance of the evidence that [the Debtor] was **fully aware** of his obligation to preserve evidence, and, **despite that awareness**, he spoliated evidence, including thousands of WhatsApp

| | |
|---|---|
| Page 10 | |
| Debtor: | Kushal B. Shukla |
| Case No.: | 25-10533 |
| Adv. Pro.: | 25-01028 |
| Caption: | **DECISION RE: PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

> text messages, phone call records, Internet browser history records, emails and other documents from crucial time periods in the case and between key people.

[ECF No. 3-1, p. 29] (emphasis added).

Other examples of the State Court's findings of the Debtor's willful and malicious acts include:

- The Debtor "admitted deleting his emails and WhatsApp text messages throughout this litigation, including after the orders were entered by the Court."

- The Debtor "deleted records of WhatsApp phone calls from his device in violation of the Three Preservation Orders . . . ."

- The Debtor "deleted 2,149 WhatsApp text messages during the time period between when the first acquisition of his devices was taken [March 22, 2022] and when the second acquisition was taken [July 21, 2022]."

- The Debtor "acknowledged taking no steps to preserve or restore the emails he deleted throughout the litigation, the over two-thousand WhatsApp text messages and the internet browser information."

- The Debtor "used CleanMyMac on July 12, 2022, and July 13, 2022, shortly after another motion had been filed for injunctive relief resulting in the July 2022 Order."

- The Debtor's use of CCleaner "requires a deliberate act to permanently delete files."

- "There is no question here that [the Debtor] deleted evidence in violation of court orders."

[ECF No. 3-1, pp. 26-28, 32; ECF No. 7-1, p. 139].

Case 25-01028-JKS    Doc 27    Filed 10/23/25    Entered 10/23/25 16:15:17    Desc Main
Document    Page 11 of 13

Page 11
Debtor:     Kushal B. Shukla
Case No.:   25-10533
Adv. Pro.:  25-01028
Caption:    **DECISION RE: PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Finally, the State Court found that the best remedy for the Debtor's spoliation of evidence was an award for the Plaintiffs' investigation costs and attorneys' fees. The spoliation forced the Plaintiffs to spend $845,026.60 on investigation and computer forensic recovery costs. [ECF No. 3-1, pp. 32, 43]. The Debtor argues that because the State Court found the deleted data to be immaterial to the litigation, the Plaintiffs suffered no injury, and "there cannot be a finding of malice or ill-will." [ECF No. 15, p. 14]. However, the State Court found that the "Plaintiffs were prejudiced by the spoliation and concealment [of evidence] as they were denied the opportunity to review the communications and documents between key actors at Axial." [ECF No. 3-1, p. 30].

Based on the State Court decision, the Court determines that the spoliation sanction was awarded to the Plaintiffs due to willful and malicious injury upon the Plaintiffs by the Debtor. The Court grants summary judgment that this debt is nondischargeable under § 523(a)(6). However, because the State Court did not fully adjudicate the $845,026.60 judgment amount, the Debtor's right to challenge the reasonableness of the expert and attorneys' fees is preserved.

**B. Summary Judgment is Denied as to the Nondischargeability of the State Court Judgment under § 523(a)(4).**

The Plaintiffs also argue that the judgment amount is nondischargeable under § 523(a)(4). Section 523(a)(4) provides that three types of debts are excluded from discharge: (1) those incurred through fraud or defalcation while in a fiduciary role; (2) those arising from embezzlement; or (3) those arising from larceny. 11 U.S.C. § 523(a)(4). Each type of debt under § 523(a)(4) is essentially a "distinct cause[] of action." *In re Kaplan*, 634 B.R. 673, 691 (Bankr. E.D. Pa. 2021).

First, for a plaintiff to prevail on a claim that a debt is nondischargeable through fraud or defalcation while in a fiduciary role, the plaintiff must show that the debtor "(1) acted in a fiduciary

Case 25-01028-JKS    Doc 27    Filed 10/23/25    Entered 10/23/25 16:15:17    Desc Main
Document    Page 12 of 13

Page 12
Debtor:      Kushal B. Shukla
Case No.:    25-10533
Adv. Pro.:   25-01028
Caption:     **DECISION RE: PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

capacity, and (2) engaged in fraud or defalcation while acting in such capacity." *In re Kaplan*, 634 B.R. at 691. Here, while the Debtor held roles that might demonstrate fiduciary status, the State Court rejected Counts 16 and 17 alleging breaches of fiduciary duty. The Plaintiffs did not sufficiently establish that the Debtor engaged in misconduct in hiring decisions or outsourcing of accounts receivable, and the "Plaintiffs' proofs on these issues were largely speculative." [ECF No. 3-1, pp. 40-42]. Therefore, the State Court did not find that the Debtor incurred debts based on fraud or defalcation in a fiduciary role.

Next, in the context of § 523(a)(4), embezzlement is the "fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come" and requires the plaintiff to prove: "(1) [the debtor] was entrusted; (2) with property; (3) of another; (4) which [the debtor] appropriated for his own use; and (5) with fraudulent intent." *Feng Li v. Peng*, 516 B.R. at 44.[5] Larceny is the "felonious taking of another's personal property with the intent to convert it or deprive the owner of same." *In re Schlessinger*, 208 F. App'x 131, 133 (3d Cir. 2006) (citing 4 Collier on Bankruptcy ¶ 523.10 (15th ed. 2006)).

Here, the State Court found that the Debtor "improperly transferred business and financial information." [ECF No. 3-1, p. 35]. The Plaintiffs argue that this finding demonstrates that the Debtor's actions constitute both embezzlement and larceny. [ECF No. 10, p. 21]. While the State Court decision may establish some elements of embezzlement and larceny, the State Court did not

---

[5] Citing *In re Ferrell*, No. 04-1034, 2006 WL 1997423, at *9 (Bankr. E.D. Pa. June 14, 2006); *In re Birenbaum*, No. 05-20640 BM, 2006 WL 1997478, at *8 (Bankr. W.D. Pa. July 7, 2006), *aff'd sub nom. Ginsberg, ex rel. The Vertical Grp., Inc. v. Birenbaum*, No. ADV 05-2506, 2009 WL 304045 (W.D. Pa. Feb. 9, 2009).

| | |
|---|---|
| Debtor: | Kushal B. Shukla |
| Case No.: | 25-10533 |
| Adv. Pro.: | 25-01028 |
| Caption: | **DECISION RE: PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

make a clear finding of the Debtor's fraudulent intent or intent to commit larceny. The State Court also did not award damages for embezzlement or larceny.

Accordingly, the Court denies summary judgment as to the nondischargeability of the State Court judgment under § 523(a)(4).

### C. Summary Judgment is Denied as to the Plaintiffs' Request for Attorneys' Fees.

The Plaintiffs ask this Court to find the spoliation sanction plus attorneys' fees, costs, and interest nondischargeable. [ECF No. 10]. However, collateral estoppel does not apply to the Plaintiffs' attorney fees because the requisite elements (2), (3), and (4) for collateral estoppel are not present.[6] The State Court never litigated the issue of attorneys' fees in the State Court proceeding and the State Court did not issue a final judgment on the merits as to the amount of attorneys' fees owed. Therefore, the Court denies summary judgement as to the nondischargeability of the attorneys' fees.

### CONCLUSION

For the reasons set forth above, the Plaintiff's Motion for Summary Judgement is granted as to the nondischargeability of the Plaintiffs' judgment for the spoliation sanction, in an amount to be determined, pursuant to § 523(a)(6). The parties are to meet and confer to arrive at a procedure for this Court or the State Court to promptly address the Debtor's challenge to the reasonableness of the $845,026.60 judgment. The motion is denied in all other respects.

---

[6] *See Feng Li* above.